IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CAMP DOUGLAS RESCUE, INC.,

    Plaintiff,                                                                                             ORDER

    v.                                                                                                     17-cv-358-wmc

JONI KLINGE-WEST,

    Defendant.
_____

        Plaintiff Camp Douglas Rescue, Inc., has filed a complaint for declaratory judgment "that the settlement agreement between Camp Douglas, Inc. and Joni Klinge-West constitutes 'a fair and reasonable resolution of a bona fide dispute,' under the FLSA." (Compl. (dkt. #1) 9.) The executed settlement agreement is attached to the complaint. (*Id.*, Ex. C (dkt. #2-3).) The court recognizes that approval of an FLSA settlement is required for it to be enforceable, though the circumstances typically involved a *collective* action. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). Moreover, the cases in which this court has reviewed settlement agreements arise out of an actual case or controversy at the time the complaint was filed.

        Here, the parties have already reached an agreement, resolving their dispute before filing suit. Moreover, the settlement is with an individual claimant, raising a question as to the need for court approval at all. While the court does not wish to discourage pre-litigation settlements -- far from it -- the posture here does raise a concern as to whether there is an actual case or controversy satisfying the jurisdictional requirements of Article

III, Section II of the Constitution. *See, e.g.*, *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 930, 933 (7th Cir. 2013) (finding that plaintiff lacked standing because the settlement agreement "waived any sort of relief this court could grant her" and the fact that the case was brought as a declaratory judgment action is not material because the "[p]arties cannot contract around the limitations of federal court jurisdiction"). Accordingly, plaintiff has until May 30, 2017, to file a brief explaining why this court has subject matter jurisdiction over this action. Absent such a response, the court will dismiss this case.

Dated this 16th day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge